## ·THOMAS K. PRICE et al. *v.* C. M. EMERSON.

A note which has been filed in a court of justice by a party litigant in a suit, cannot be
seized under execution against a third party who has no apparent title to the property
seized.

APPEAL from the Second District Court of New Orleans, *Lea*, J. *Ben-
jamin* and *Micou*, for plaintiffs. *Durant* and *Hornor*, for defendant. By
the court :

EUSTIS, C. J. For the reasons given by the district judge in his written
opinion on file, this judgment is affirmed, with costs.

Judgment of the District Court:

*Lea*, J. The plaintiff in the rule, holding an execution directed to him, as
sheriff of the parish of Orleans, from the Fifth District Court of New Orleans,
in the suit entitled *Harrod and Moody* v. *John McHenry*, seeks to levy upon
certain articles deposited in the Second District Court in the suit of *Thomas K.
Price et al.* v. *C. M. Emerson.* The proceeding resorted to is, that of a rule
taken on the plaintiffs, *T. K. Price et al.*, to show cause why the notes filed in
the above entitled suit, should not be delivered to the sheriff under the order of
the court.

The proceeding resorted to in this case is, perhaps, unexceptionable so far
as relates to its form. On this point, however, the supreme judicial tribunal
of the State, while they have determined that a seizure cannot be made in
the hands of the clerk, have abstained from designating any form of pro-
ceeding by which notes, deposited in the files of a court, may be made the objects
of a seizure in execution. The language of the court is as follows : We are
not called upon to point out a mode in which we think promissory notes in suit
and on the files of the court, can be seized and sold under art. 642 of the
Code of Practice ; a rule that we might under our present impressions pre-
scribe, might work badly in practice and produce difficulties which we do not
at present foresee.

Upon the. authority of this decision, I should be disposed to recognize the
validity of the seizure made in this case, and to order the delivery of the notes
to the seizing creditors, if the apparent title to the notes was in the defendant in
execution ; but in fixing a rule of practice which may serve as a precedent in
future litigation, so far as relates to proceedings in this court, care should be
observed to confine its application in such a manner, as, if possible, not to work
badly in practice nor to produce unforeseen difficulties.

If the evidences of debt filed by litigants in courts of justice, for the purpose of
enabling them to prosecute their rights, can be thus summarily seized upon,
without a trial, or at least without such trial as will suffice to test a question of
title by parties apparently without color of title, litigants would be deterred from
the prosecution of their claims, not only by the insecurity which would attach to
the possession of their property, but by the inconvenience and confusion which
would be created by the interference of seizures made at the instance of persons,
who might or ought not to be creditors. Such a rule of practice would certainly
result in great confusion.

I am not prepared to say that the plaintiff in execution has acquired no rights
under the proceeding had herein. It is true, that possession is of the essence of

PRICE
*v.*
EMERSON.

a seizure, and it has been frequently held that no valid seizure of tangible property can be made without taking it into possession ; but in the absence of express law, and I know of none applicable under our jurisprudence to a case like the one at bar, it might be within the power of the court, in virtue of the equity powers conferred by art. 21 of the Civil Code, to recognize the proceedings as conferring inchoate rights to be established and matured upon proof made under proceedings had by intervention or otherwise. Be this as it may, I know of no instance in which a note, which has been filed in a court of justice by a party litigant in a suit, has ever been seized under execution against a third party defendant, who had no apparent title to the 'property seized.

The court, having duly considered the rule taken in this case on the 26th November, 1851, by *John L. Lewis*, sheriff, on *Thomas C. Poole*, clerk of this court, for the reasons assigned in the written opinion this day delivered and on file : It is ordered, that the rule taken in this case be dismissed, the plaintiff therein paying the costs incident thereto without prejudice to the rights of *Harrod* and *Moody*, the creditors seizing in execution, if any they have in virtue of this proceeding, to be asserted hereafter, in any subsequent proceeding had herein according to law. It *is* further ordered, that the clerk of this court do retain the notes filed herein, subject to the further order of the court in the premises.